UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: | : CASE NO: 17-07751-MFH |
| | : CHAPTER: 11 |
| BOBBY W HUTCHINS, JR. | : |
|     Debtor | : |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | |
| THE BANK OF NEW YORK MELLON FKA | : |
| THE BANK OF NEW YORK AS TRUSTEE | : |
| FOR THE CERTIFICATEHOLDERS OF | : |
| CWABS, INC., ASSET BACKED NOTES, | : |
| SERIES 2004-SD3, | : |
|     Movant, | : |
| | : CONTESTED MATTER |
| vs. | : |
| | : |
| BOBBY W HUTCHINS, JR. | : |
| UNITED STATES TRUSTEE, Trustee | : |
|     Respondents. | : |

## MOTION FOR ABANDONMENT AND RELIEF FROM AUTOMATIC STAY (REAL PROPERTY)

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET BACKED NOTES, SERIES 2004-SD3 ("Movant") hereby moves this Court for abandonment, pursuant to 11 U.S.C. § 554, and relief from the automatic stay, pursuant to 11 U.S.C. § 362, with respect to certain real property of the Debtor having an address of **3172 SE MORNINGSIDE BLVD, PORT SAINT LUCIE, FL 34952** (the "Property"), for all purposes allowed by law, the Note (defined below), the **Mortgage** (defined below), and applicable law, including but not limited to the right to foreclose. In further support of this Motion, Movant respectfully states:

    1.    The Debtor has executed and delivered or is otherwise obligated with respect to that certain promissory note in the original principal amount of **$58,500.00** (the "Note"). A copy of the Note is attached hereto as Exhibit "A". Movant is an entity entitled to enforce the Note.

    2.    Pursuant to that certain **Mortgage** (the "**Mortgage**"), all obligations (collectively, the

"Obligations") of the Debtor under and with respect to the Note and the **Mortgage** are secured by the Property. A copy of the **Mortgage** is attached hereto as Exhibit "B".

3. The legal description of the Property and recording information is set forth in the **Mortgage**, a copy of which is attached hereto, and such description and information is incorporated and made a part hereof by reference.

4. As of **May 9, 2018**, the outstanding amount of the Obligations less any partial payments or suspense balance is **$47,363.96**. As of 5/9/2018, the Unpaid Principal Balance is $46,150.50.

5. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested in this Motion, Movant has also incurred legal fees and costs not to exceed $**1,031.00**. Movant reserves all rights to seek an award or allowance of such fees and expenses in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

6. As of **May 1, 2018,** the Debtor(s) has/have failed to make **7** payments due pursuant to the terms of the Note.

7. The estimated market value of the Property is **$110,000.00**. The basis for such valuation is **Debtor`s Schedules**.

8. Cause exists for relief from the automatic stay for the following reasons:
    a. Movant's interest in the Property is not adequately protected.
    b. Pursuant to 11 U.S.C. § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

9. The Movant is entitled to an order deeming the Property abandoned by the Chapter 7 Trustee as an asset of the bankruptcy estate, pursuant to 11 U.S.C. § 554.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay for all purposes allowed by law, the Note, the **Mortgage**, and applicable law, including but not limited allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

3. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

4. That the Property be deemed abandoned by the Chapter 7 Trustee as an asset of the Bankruptcy estate effective upon entry of the Court's order.

5. For such other relief as the Court deems proper.


RUBIN LUBLIN TN, PLLC

/s/ Natalie Brown                                                     Date: June 5, 2018
Natalie Brown
TN BPR No. 022452
Rubin Lublin TN, PLLC
119 S. Main Street, Suite 500
Memphis, TN 38103
(877) 813-0992
nbrown@rubinlublin.com
Attorney for Creditor

CERTIFICATE OF SERVICE

      I, Natalie Brown of Rubin Lublin TN, PLLC certify that on the 5th day of June, 2018, I caused a copy of the Motion for Abandonment and Relief from Automatic Stay (Real Property) to be filed in this proceeding by electronic means and to be served by depositing a copy of same in the United States Mail in a properly addressed envelope with adequate postage thereon to the said parties as follows:

Bobby W Hutchins, Jr.
305 Morning Mist Lane
Nashville, TN 37064

GRIFFIN S DUNHAM, ESQ.
2510 Franklin Pike
Suite 210
NASHVILLE, TN 37204

United States Trustee
Office of the United States Trustee
701 Broadway, Suite 318
Nashville, TN 37203

All parties on the attached Creditor Mailing Matrix.

Executed on 6/5/18
By:/s/ Natalie Brown
Natalie Brown
TN BPR No. 022452
Rubin Lublin TN, PLLC
119 S. Main Street, Suite 500
Memphis, TN 38103
(877) 813-0992
nbrown@rubinlublin.com
Attorney for Creditor