IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 3:17-bk-07751 |
| BOBBY W. HUTCHINS, JR., ) | Chapter 11 |
| ) | Judge Marian F. Harrison |
| Debtor. ) | |

## RESPONSE IN OPPOSITION TO MOTION FOR RELIEF FROM STAY

Debtor Bobby W. Hutchins, Jr. (the "Debtor") respectfully submits this response (the "Response") in opposition to the *Motion for Abandonment and Relief from Automatic Stay (Real Property)* (the "Stay Relief Motion") filed by the Bank of New York Mellon f/k/a the Bank of New York as Trustee for the Certificateholders of SWABS, Inc., Asset Backed Notes, Series 2004-SD3 (the "Lender"). [Docket No. 86]. As its Response, the Debtor states as follows:

1. The Debtor filed this bankruptcy case on November 14, 2017. As set forth in Schedule A/B of his statements and schedules, the Debtor owns certain real property located at 3172 SE Morningside Boulevard, Port Saint Lucie, FL 34952 (the "Property") with his non-filing spouse as tenants by the entireties. The Debtor valued the Property at $110,000.00.

2. The Lender is a claimant in the bankruptcy, having filed a proof of claim for $46,363.10 (the "Lender POC"). [Claim No. 14-1]. According to the Lender POC and the documents attached thereto, and as set forth in the Stay Relief Motion, the Lender asserts that its claim is secured by a first-priority mortgage on the Property. [*Id.*].

3. The Lender filed the Stay Relief Motion on June 5, 2018, seeking stay relief and abandonment of the Property.

4. In the Stay Relief Motion, the Lender makes several references to this case being a chapter 7 bankruptcy. It is not. This is a chapter 11 bankruptcy. The Debtor is in possession of his

property and is managing his affairs as Debtor-in-Possession. No Trustee has been appointed, nor has a committee of unsecured creditors been appointed.

5. The Debtor has scheduled the value of the Property at $110,000.00, but the Lender's secured claim is only $46,363.10. This leaves a substantial equity cushion for the Lender's lien, meaning the Lender is adequately protected in the Property. The Lender therefore is not entitled to stay relief under 11 U.S.C. § 362(d)(1).

6. The Property is also necessary for an effective reorganization. The Property has valuable income-producing potential as rental property. The Debtor and his non-filing spouse are exploring the possibility of renting the Property and using the income derived therefrom to fund a portion of any future plan of reorganization.

7. Given the Lender's adequate protection in the Property and the Debtor's need for the Property as part of an effective reorganization, the Debtor respectfully asserts that cause does not exist for granting stay relief pursuant to 11 U.S.C. § 362(d). To the extent the Court determines that the Lender's interest is not adequately protected despite the Lender's sizeable equity cushion in the Property, the Debtor respectfully requests that the Court allow the Debtor to make reasonable adequate protection payments as necessary to protect the Lender's interest.

**WHEREFORE,** The Debtor respectfully requests that the Court deny the Stay Relief Motion and, to the extent the Lender is not adequately protected, allow the Debtor to make reasonable adequate protection payments as may be necessary to protect the Lender's interest in the Property.

Respectfully Submitted,

/s/ Ned Hildebrand
Henry E. ("Ned") Hildebrand, IV
DUNHAM HILDEBRAND, PLLC
1704 Charlotte Avenue, Suite 105
Nashville, TN 37203
615.933.5851
ned@dhnashville.com
*Counsel for Bobby W. Hutchins, Jr.*

## CERTIFICATE OF SERVICE

    I hereby certify that I have sent a true and exact copy of the foregoing to all parties entitled to receive notice electronically via the United States Bankruptcy Court's CM/ECF system this the 19th day of June, 2018.

/s/ Ned Hildebrand
Henry E. ("Ned") Hildebrand, IV